UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT KALFUS,<br><br>                              Plaintiff,<br><br>                     -v.-<br><br>GOD'S WORLD PUBLICATIONS, INC.,<br><br>                              Defendant. | 20 Civ. 4601 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 26, 2020, Defendant filed a motion requesting that the Court order Plaintiff to post a bond in order in the amount of $20,000 to proceed with the present action. (Dkt. #21). For the following reasons, Defendant's motion for a bond is granted, but only in the amount of $5,000.

## BACKGROUND[1]

Plaintiff Robert Kalfus ("Kalfus") is a New York-based professional photographer in the business of licensing his photographs to online and print media outlets for a fee. (Compl. ¶ 5). He is represented by attorney Richard Liebowitz ("Liebowitz"), a high-volume copyright litigator who has filed more than 1,400 cases in this District alone since 2016. Defendant God's World Publications, Inc. ("GWP") is a non-profit religious media organization based in Asheville, North Carolina, which publishes a bi-weekly religious magazine and

---

[1] The facts in this Opinion are drawn from Plaintiff's Complaint ("Complaint" or "Compl." (Dkt. #1)), which is the operative pleading in this case; Defendant's Memorandum of Law in Support of Defendant's Motion for an Order Requiring Plaintiff to Post a Bond ("Def. Br." (Dkt. #21-1)); and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Bond as Security for Costs and Fees Under Local Rule 54.2 ("Pl. Opp." (Dkt. #26)).

posts additional content and articles on its website. (Def. Br. 2). Defendant reproduced and publicly displayed on its website, without authorization, Kalfus's photograph of the Lincoln Park Jewish Center. (Compl. ¶¶ 11, 12). The photograph accompanied an article titled *Darkness and light*, about anti-Semitism and the Lincoln Park Jewish Center. (*Id.* at ¶ 11; Def. Br. 3). Kalfus's photograph is registered with the United States Copyright Office with registration number VA 2-189-895. (Compl. ¶ 10). Kalfus found the post on or about January 22, 2020, and contacted GWP to find out how the post's author obtained the photograph. On January 30, 2020, GWP's Art Director communicated with Kalfus and offered to pay a license fee for the photograph. (Def. Br. 4). GWP subsequently removed the photograph from the post. *Id.*

Kalfus then filed this lawsuit on April 22, 2020, alleging copyright infringement under Section 501 of the Copyright Act and removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. (Compl. ¶ 1). On July 29, 2020, GWP served an Offer of Judgment on Kalfus, which Kalfus failed to accept within the timeframe set forth in Federal Rule of Civil Procedure 68. (Def. Br. 4). When subsequent settlement negotiations broke down, GWP brought the present motion under Local Civil Rule 54.2 for a bond for anticipated attorneys' fees and costs. (*See* Dkt. #21).

**DISCUSSION**

**A.     Applicable Law**

Local Civil Rule 54.2 provides in relevant part that "the Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."  S.D.N.Y. Local Civ. R. 54.2.  A court considers the following factors in determining whether to require security for costs: (i) the financial condition and ability to pay of the party at issue; (ii) whether that party is a non-resident or foreign corporation; (iii) the merits of the underlying claims; (iv) the extent and scope of discovery; (v) the legal costs expected to be incurred; and (vi) compliance with past court orders.  *Cruz* v. *Am. Broad. Cos., Inc.*, No. 17 Civ. 8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing *Selletti* v. *Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), *aff'd*, 173 F.3d 104 (2d Cir. 1999)).  Each factor does not need to be considered in every case, and, in copyright cases similar to this one, courts in this Circuit have limited their inquiry to considering the legal costs expected to be incurred and compliance with past court orders.  *See, e.g.*, *Wilson* v. *D'Apostrophe Design Inc.*, No. 20 Civ. 3 (LAK) (KHP), 2020 WL 4883849, at *2 (S.D.N.Y. Aug. 20, 2020); *Sadowski* v. *Ziff Davis LLC*, No. 20 Civ. 2244 (DLC), 2020 WL 3397714, at *2 (S.D.N.Y. June 19, 2020).  "Courts have broad discretion in deciding whether a party should be required to post such a bond."  *Beautiful Jewellers Private Ltd.* v. *Tiffany & Co.*, No. 06 Civ. 3085 (KMW) (FM), 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citing *Selletti*, 173 F.3d at 110-11).

### B. Legal Costs Under Rule 68

Beginning with the fifth factor, courts in this District analyze the expected legal costs prong by assessing the prospect that defendants might be entitled to costs under the Copyright Act. See *Wilson*, 2020 WL 4883849, at *2; *Sadowski*, 2020 WL 3397714, at *2. There is a dispute among courts in this District regarding how the Federal Rules of Civil Procedure interact with the Copyright Act for purposes of determining the costs to which defendants may be entitled even if they do not prevail.

Pursuant to Rule 68(d) of the Federal Rules of Civil Procedure, if a settlement offer is rejected and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The term "costs" in the Rule "was intended to refer to all costs *properly awardable* under the relevant substantive statute or other authority." *Marek* v. *Chesny*, 473 U.S. 1, 9 (1985) (emphasis added). The question the Court faces here is whether, in the Copyright Act context, costs awardable under Rule 68 include the attorneys' fees of a non-prevailing defendant who made an offer of judgment in excess of what plaintiff ultimately recovered.

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the *prevailing party* as part of the costs.

17 U.S.C. § 505 (emphasis added).  Under this provision, courts have the authority to award costs not including attorneys' fees to a non-prevailing party, without regard to Rule 68.  The question, therefore, is what, if any, further relief Rule 68 provides.

The Second Circuit has not decided the issue, and courts in this District have adopted two conflicting views of the interaction between the provisions.  Some courts have found, despite the language in Section 505 that only a prevailing party may be awarded attorneys' fees at the court's discretion, that a non-prevailing defendant nonetheless may receive, under Rule 68, attorneys' fees incurred after the defendant made an offer of judgment that turned out to be greater than the ultimate judgment.  Other courts have found that Rule 68 does not allow for an award of attorneys' fees to a non-prevailing party in contravention of Section 505.  Rather, their view is that Rule 68 alters the court's discretion under Section 505 by mandating the award of post-offer costs (aside from attorneys' fees) to the non-prevailing party and prohibiting the award of post-offer costs (including attorneys' fees) to the prevailing party.

The majority of courts in this District to address this issue have adopted the first position.  *See, e.g.*, *Wilson*, 2020 WL 4883849, at *3; *Sadowski*, 2020 WL 3397714, at *2; *Mango* v. *Democracy Now! Prods., Inc.*, No. 18 Civ. 10588 (DLC), 2019 WL 3325842, at *4 (S.D.N.Y. July 24, 2019); *Rice* v. *Musee Lingerie, LLC*, No. 18 Civ. 9130 (AJN), 2019 WL 2865210, at *3 (S.D.N.Y. July 3, 2019); *Leibowitz* v. *Galore Media, Inc.*, No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208, at *4 (S.D.N.Y. Sept. 20, 2018); *accord Jordan* v. *Time, Inc.*,

111 F.3d 102, 104-05 (11th Cir. 1997).  These decisions are generally based on a conclusion that Rule 68 "reverses" the operation of Federal Rule of Civil Procedure 54(d), which generally allows costs other than attorneys' fees to be awarded to the prevailing party.  Courts that have adopted the first position have instead allowed award of attorneys' fees to a non-prevailing party under these circumstances.  *See, e.g., Mango*, 2019 WL 3325842, at *5.

However, a few courts in this District have disagreed and taken the second position.  *See Yllanes* v. *Lorraine E. Schwartz Inc.*, No. 20 Civ. 3963 (JSR), slip op. at 2 (S.D.N.Y. Sept. 10, 2020); *Seidman* v. *Authentic Brands Group LLC*, No. 19 Civ. 8343 (LJL), 2020 WL 1922375, at *5 (S.D.N.Y. Apr. 21, 2020); *accord Boisson* v. *Banian Ltd.*, 221 F.R.D. 378, 382 (E.D.N.Y. 2004).  In *Seidman*, when presented with a bond motion similar to the one in this case, directed at Liebowitz and his client, the court concluded that the combination of Section 505 and Rule 68 does not allow an award of attorneys' fees to a non-prevailing defendant, even when the ultimate judgment in favor of the plaintiff is less than the defendant's settlement offer.  2020 WL 1922375, at *5.  Relying on precedent from the First, Fifth, Sixth, Seventh, and Ninth Circuits in the Copyright Act context, and in what the court viewed as the analogous context of the fee-shifting provision for civil rights claims, *see* 42 U.S.C. § 1988, the court concluded that "[t]he most faithful reading of *Marek*, Rule 68, and Section 505 is that attorneys' fees are not available as costs under Rule 68 to a non-prevailing party." *Id.* (citing *Energy Intelligence Grp., Inc.* v. *Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 280 (5th Cir. 2020) (Copyright

Act); *UMG Recordings, Inc.* v. *Shelter Capital Partners LLC*, 718 F.3d 1006, 1034 (9th Cir. 2013) (Copyright Act); *Harbor Motor Co., Inc.* v. *Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 646–47 (7th Cir. 2001) (Copyright Act); *Hescott* v. *City of Saginaw*, 757 F.3d 518, 528 (6th Cir. 2014) (civil rights); and *Crossman* v. *Marcoccio*, 806 F.2d 329 (1st Cir. 1986) (civil rights), *cert denied*, 481 U.S. 1029 (1987)). Instead, "Rule 68, as interpreted by *Marek*, affects the balance struck in Section 505" in a limited fashion by making it so "a prevailing plaintiff whose judgment is less than a rejected offer cannot recover her own attorneys' fees." *Id.* at *6. "To read *Marek* or Rule 68 to require the Court to award attorneys' fees to a non-prevailing party — when Congress carefully limited the right to attorneys' fees under Section 505 to a prevailing party — would be to modify the substantive statute, to deprive a portion of that statute of meaning, and to require as a matter of Rule a fee award that is not properly awardable as a matter of statute." *Id.*

This Court agrees with this latter interpretation. Rule 68's "reversal" of the normal rules regarding award of costs and attorneys' fees does not go so far as to negate Section 505's dictate that only a prevailing party may receive attorneys' fees; it merely denies post-offer attorneys' fees to a prevailing plaintiff who receives less than the offer of judgment, and entitles a non-prevailing defendant to recoup post-offer costs. Here, that means that while GWP may be entitled to post-offer costs even if it does not prevail on the merits, it may not be entitled to post-offer attorneys' fees. Accordingly, for purposes of

determining whether a bond is appropriate and in what amount, the Court will not consider GWP's anticipated post-offer attorneys' fees.

Without getting into the merits of Kalfus's underlying claim, it appears that this is a standard infringement case commonly found in this District. To determine actual damages in a copyright action, courts in this District often approximate lost licensing fees based on an estimated fair market value of the fee the owner was entitled to charge. *See, e.g.*, *Eva's Photography, Inc.* v. *Alisa, LLC*, No. 20 Civ. 1617 (MKV), 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020). This is not based on the highest use for which the plaintiff might have possibly licensed the material. Rather, the fair market value is calculated based on the use the infringer made. *Id.* (citing *On Davis* v. *The Gap, Inc.*, 246 F.3d 152, 166 n.5 (2d Cir. 2001)). Awards typically do not exceed three to five times the license fee for a work. *Sadowski*, 2020 WL 3397714, at *2. Additionally, while Kalfus seeks profits from the use of his photograph as well as actual damages, GWP claims that it made no profit from the internet post. (Def. Br. 6).

GWP's brief in support of its motion does not reveal the dollar value of GWP's Offer of Judgment to Kalfus, but states that the amount "far exceeded the amount GWP customarily pays for unlimited print and digital rights, let alone for a single website post." (Def. Br. 4). Plaintiff does not dispute this in his opposition to the motion. Thus, the Court concludes that it is unlikely that Kalfus, even if he prevails, will recover damages in excess of what GWP has already offered. It is therefore reasonable for the Court to consider at this stage the post-offer costs to GWP that Kalfus is likely to have to reimburse.

### C. Compliance with Past Court Orders

In determining whether to require security for costs, the Court must also consider a party's past compliance with court orders. *See Cruz*, 2017 WL 5665657, at *1. Here, the primary concern is not Kalfus's history, but rather that of the attorney he chose to represent him, Richard Liebowitz. Liebowitz is one of the most frequently sanctioned lawyers in this District in recent years for violations of court orders as well as dishonesty under oath. *See generally Usherson* v. *Bandshell Artist Mgmt.*, No. 19 Civ. 6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) (collecting cases). In light of this track record, in each case in this District involving Liebowitz in which a court has concluded that a bond was appropriate based on anticipated legal costs, the court has also concluded that a bond is appropriate based on Liebowitz's extensive history of noncompliance with court orders. *See, e.g., Wilson*, 2020 WL 4883849, at *3; *Sadowski*, 2020 WL 3397714, at *4; *Mango*, 2019 WL 3325842, at *6; *Rice*, 2019 WL 2865210, at *3; *Leibowitz*, 2018 WL 4519208, at *4; *Reynolds* v. *Hearst Commc'ns, Inc.*, 17 Civ. 6720 (DLC), 2018 WL 1229840 at *4 (S.D.N.Y. Mar. 5, 2018).

Given Liebowitz's history of vexatious conduct, and the detrimental impact that such conduct has had on the efficient resolution of litigation in which he is involved, the Court agrees with GWP and other courts in this District that imposition of a bond is appropriate.

**D.     Bond Amount**

GWP requests a bond in the amount of $20,000. (*See* Def. Br. 1). To be sure, this amount is consistent with bonds ordered in several other cases. *See, e.g., Wilson*, 2020 WL 4883849, at *1 ($20,000); *Sadowski*, 2020 WL 3397714, at *1 ($20,000); *Mango*, 2019 WL 3325842, at *1 ($60,000 total); *Leibowitz*, 2018 WL 4519208, at *1 ($10,000); *Reynolds* v. *Hearst Commc'ns, Inc.*, 2018 WL 1229840, at *5 ($10,000). However, in these other cases, courts viewed attorneys' fees as a potential cost to factor into the bond analysis; as discussed above, this Court departs from that view. Accordingly, the Court considers $20,000 to be excessive if GWP cannot recoup attorneys' fees under Rule 68 as non-prevailing party.

But neither is the Court persuaded by Kalfus's counter-proposal that the bond should be limited to "the actual hard costs that Defendant could reasonably expect to recover on Rule 68, which is no more than the out-of-pocket costs incurred for obtaining two deposition transcripts, or approximately $1000.00." (Pl. Opp. 20). Given the need for the bond to reflect Liebowitz's past abusive litigation practices and act as a deterrent to misconduct in this case, the Court deems $1,000 insufficient. More to the point, taking the totality of the circumstances into consideration, including the progress of the litigation to date and the resources that are likely to be consumed by Liebowitz's customary litigation practices, the Court concludes that a bond amount of $5,000 is appropriate.

## CONCLUSION

Defendant's motion for a bond is GRANTED in part. The Clerk of Court is directed to terminate the motion at docket entry 21. Plaintiff shall post a bond with the Clerk of Court on or before December 4, 2020, in the amount of $5,000.

SO ORDERED.

Dated: November 13, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge